### JOHNSON *v.* BERNHEIMER *et al.*

*(Supreme Court, General Term, Second Department.  May 9, 1892.)*

REAL-ESTATE BROKER—EARNING COMMISSION.

 A piece of property being too large for one purchaser, the owner agreed to pay a broker if he procured the sale of the whole to several parties at one time. Thereafter the broker brought together intending purchasers, including one who had formerly negotiated with the owners, but with whom he had authority to deal, and a sale was made. *Held,* that the broker was entitled to commission.

Appeal from circuit court, Kings county.

Action by Charles A. Johnson against Isaac Bernheimer and Simon Bernheimer for commission as a real-estate broker. From a judgment for plaintiff, and an order denying a motion to set aside the verdict and for a new trial, defendants appeal. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Bettens & Lilienthal,* (*Edward D. Bettens,* of counsel,) for appellants. *F. P. Trautmann,* for respondent.

BARNARD, P. J. In March, 1889, the defendants, who owned a valuable piece of property on Newton creek, in Kings county, employed the plaintiff, who was a real-estate broker, to negotiate for the sale of the same. The price fixed was $125,000. It was stated that one Reynolds had been negotiating for the property, but that no sale had been reached. It was further stated that, if Reynolds could be induced to buy of the plaintiff, the commission upon the sale should be considered earned. The plaintiff did open negotiations with Reynolds. He made an offer, which was refused. It was found that the property was too large for one purchaser, and consent was obtained by the defendant that plaintiff could make sale at one time to several parties, for the entire price of $125,000. The plaintiff tried to combine purchasers. He introduced one Davis, of the firm of Cross, Austin & Co., to Reynolds. Reynolds was first made acquainted with the fact that the firm of Cross, Austin & Co. wished to purchase the property. Reynolds and Ireland, who was one of the firm of Cross, Austin & Co., finally bought the property for the full sum of $125,000. The jury has found the employment, and that the plaintiff was the efficient cause of the sale, and that the sale was made by the defendants while the employment was existing, and that $1,390.45 was justly earned by the plaintiff thereby. The verdict is therefore just, and fully supported by the evidence, and the judgment should be affirmed, with costs.

All concur.